UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DELTA CATERING MANAGEMENT, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-4799** |
| **UNIVERSAL SODEXHO (USA), INC., ET AL** | **SECTION: "C" (4)** |

## ORDER AND REASONS

Before the Court is defendants' Motion to Dismiss (Rec. Doc. 4.) Substituted plaintiff, Marcia Marney, opposes. (Rec. Doc. 9.) This matter was taken under advisement on the briefs without oral argument. Based on the memoranda by parties, the record in this case and the applicable law, the Court GRANTS defendants' motion for the following reasons.

### I.   BACKGROUND

Plaintiff shareholder Marcia Marney brings this derivative suit on behalf of Delta Catering Management, LLC (hereinafter "Delta") against defendants Universal Sodexho (USA), Inc. and Sodexo Remote Sites USA, Inc. (hereinafter "defendants") alleging accounting violations of the LLC's Company Agreement. (Rec. Doc. 3, Rec. Doc. 1). Plaintiff Marney owns 51% of Delta; defendants own the remaining 49%.

### II.   LAW AND ANALYSIS

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., provides in pertinent part:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract

2 9 U.S.C. § 2.

Due to the liberal policy in favor of arbitration, the party objecting to arbitration bears the burden to show that the Agreement is invalid. *See Walton v. Rose Mobile Homes, LLC.*, 298 F.3d 470, 473 (5th Cir.2002). To decide whether the parties agreed to arbitrate a certain matter, courts generally should apply ordinary state law principles that govern the formation of contracts. *See, e.g., First Options of Chicago. Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995); *Volt Information Sciences. Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 475-476, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). In Louisiana, "contracts have the effect of law for the parties." La. Civ.Code art.1983. Under La. Civ.Code art. 2045: "Interpretation of a contract is the determination of the common intent of the parties." The interpretation of an unambiguous contract is an issue of law for the court to decide. *Amoco Production Co. v. Texas Meridian Resources Exploration Inc.,* 180 F.3d 664, 668 (5th Cir.1999). "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties intent." La. Civ.Code art. 2046.

Defendants argue that Delta's Company Agreement requires arbitration for all claims arising out of the Company Agreement under Section 11.2. Section 11.2 reads:

> Any controversy, claim or dispute arising out of, or relating to this

> Agreement, which cannot be settled by mutual agreement or negotiation between the Unit Holders, shall, upon the written application of a Unit Holder, be settled by arbitration by, and in accordance with, the rules of commercial arbitration of the American Arbitration Association (the "AAA").

(Rec. Doc. 4-4 at 7.) Plaintiff argues that because this is a derivative suit on behalf of the LLC, and not a suit on her own behalf as a "Unit Holder," the dispute is not covered by the arbitration clause. (Rec. Doc. 9.) Clearly plaintiff's allegations of accounting fraud in violation of the Agreement satisfy the "arising out of, or relating to" substantive requirement to invoke the arbitration agreement. The Court, relying on the plain language of the contract, finds that the Agreement does not require the dispute to be one between "Unit Holders." Rather, the Court reads the Agreement to require arbitration for <u>any</u> dispute which can not otherwise be resolved between "Unit Holders." The dispute at issue in this case has not yet been resolved between the relevant "Unit Holders." Accordingly, the matter, under the Agreement, is subject to arbitration.

### III. CONCLUSION

IT IS ORDERED that defendants' Motion to Dismiss (Rec. Doc. 4) is GRANTED.

New Orleans, Louisiana, this 29th day of June, 2009.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**